

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*         *United States Courthouse, Suite 9200*
                                         *1 Courthouse Way*
                                         *Boston, Massachusetts  02210*

November 23 2004

**BY HAND DELIVERY**

Martin Richey, Esq.
Federal Public Defender Service
408 Atlantic Avenue
Boston, MA 02210

    Re:   United States v. Matthew Ramos,
           Criminal No. 04-10275-NG

Dear Mr. Richey:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   **Rule 16 Materials**

1.   **Statements of Defendant under Rule 16 (a)(1)(A)**

    a.   **Written Statements**

    There are no relevant written statements of the defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    b.   **Recorded Statements**

    Consensual recordings were made of conversations between the defendant and DEA Task Force Agent Richard Ridlon.  Recordings also were made of intercepted phone calls involving the defendant.  These matters are discussed in greater detail below.

Martin Richey, Esq.
November 23 2004
Page 2

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The defendant made statements following his arrest in this case. A report reflecting those statements is enclosed.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

The government is unaware at this time of any prior criminal record of the defendant.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

A DEA-7 reflecting the analysis of drugs purchased from the defendant on October 29, 2003 is enclosed.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

No searches were conducted and no search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C.    <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

Wire communications, as defined in 18 U.S.C. § 2510, of the defendant relating to the charges in the indictment were intercepted pursuant to court-authorized electronic surveillance of telephones subscribed to by, and used by, the defendant. Specifically, the government obtained wiretap orders for three telephone numbers subscribed to by Matthew Ramos: (617) 892-3891 (the "First Ramos Cell Phone"), 617-304-1523 (the "Second Ramos

Martin Richey, Esq.
November 23 2004
Page 3

Cell Phone"), and 617-869-2797 (the "Third Ramos Cell Phone"). Calls were intercepted over the First Ramos Cell Phone from March 16, 2004 to April 8, 2004, and over the Third Ramos Cell Phone from April 13, 2004 to May 12, 2004.  No calls were intercepted over the Second Ramos Cell Phone because Ramos abandoned that phone for the Third Ramos Cell Phone before the wiretap on the Second Ramos Cell Phone could be activated.  The applications, supporting affidavits, authorizing orders, and sealing orders respecting all three wiretaps are enclosed.  Also enclosed are CD's containing recordings of all calls deemed pertinent by the monitors along with the corresponding line sheets.  **Please note that the applications, affidavits, and orders were placed under seal by the Court and remain under seal.**

**Not enclosed** are recordings of telephone calls involving the defendant that were intercepted pursuant to wiretaps on someone else's phones.  Similarly, the applications, supporting affidavits, authorizing orders, and sealing orders respecting those other wiretaps **are not enclosed**.  The government currently **does not intend** at this time to offer communications of the defendant intercepted pursuant to those other wiretaps as evidence in its case-in-chief.  At the same time, disclosure of those wiretaps at this time could jeopardize an ongoing drug-trafficking investigation.  See Local Rule 116.6

D.    Consensual Interceptions under Local Rule 116.1(C)(1)(d)

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief, is reflected in the enclosed reports.  The conversations themselves are in English. Copies of the tapes are available for your inspection and review.

E.    Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

As to the conspiracy charged in Count One of the indictment, pursuant to Local Rule 116.1, the government declines to provide a list of known unindicted coconspirators at this time because doing so could jeopardize an ongoing drug-trafficking investigation.

Martin Richey, Esq.
November 23 2004
Page 4

F.  <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

The government is aware of no information or materials relating to this case of the types described in Local Rule 116.2(B)(1).

H.  <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at 617-748-3222 if you have any questions.

                          Very truly yours,

                          MICHAEL J. SULLIVAN
                          United States Attorney

            By:_____
                        WILLIAM D. WEINREB
                        Assistant U.S. Attorney

enclosures

cc:  Thomas Quinn
     Clerk to the Honorable Judith G. Dein
     w/o enclosures