UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**UNITED STATES OF AMERICA**        )
                                    )
           v.                       )   Crim. No. 04-10275-NG
                                    )
**MATTHEW RAMOS**                   )
_____ )

## MOTION FOR PROTECTIVE ORDER

The United States of America, by its attorneys, United States Attorney Michael J. Sullivan, and Assistant U. S. Attorney William D. Weinreb, hereby moves pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116 for a protective order. As grounds for this motion, the government states as follows:

A.  Background

1.  On March 16, 2004, the Honorable Nancy Gertner of the United States District Court for the District of Massachusetts issued an Order authorizing the interception of wire communications occurring to and from the Nextel cellular telephone assigned number (617) 892-3891 (the "First Ramos Cell Phone"). On April 8, 2004, Judge Gertner issued an Order authorizing the interception of wire communications occurring to and from the Sprint PCS cell phone assigned number 617-304-1523 (the "Second Ramos Cell Phone"). On April 13, 2004, Judge Gertner issued an Order authorizing the interception of wire communications occurring to and from the Sprint PCS cellular telephone assigned number (617) 869-2797 (the "Third Ramos Cell Phone").

2. Wire communications to and from the First and Third Ramos Cell Phones were intercepted pursuant to the above-referenced wiretap orders.

B. <u>Request for Protective Order</u>

3. Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Local Rule 116.6, the government requests that this Court issue the attached protective order to ensure that the materials disclosed to defense counsel will be used solely for the limited purpose of enabling each defendant to prepare a defense and will not be further disclosed or disseminated. The reasons for the government's request are as follows.

4. **Further disclosure or dissemination of the wiretap materials would jeopardize an ongoing investigation.** This investigation is ongoing. Many of the individuals named or referenced in the intercept orders, the related applications and affidavits, the intercepted conversations, and the line sheets have not been arrested and continue to be targets or subjects of federal and/or state investigation. Further disclosure or dissemination of the wiretap materials could jeopardize the ongoing investigation by, among other things, leading subjects and targets of the investigations to change phones, go into hiding, or flee.

5. **Further disclosure or dissemination of the wiretap materials would unnecessarily jeopardize the safety of confidential informants.** Some of the wiretap materials contain references to a confidential informant who assisted in the investigation. Further

disclosure or dissemination of the wiretap materials would unnecessarily jeopardize the safety of that confidential informant by potentially revealing his/her true identity to individuals who might wish to harm him/her.

6. **Further disclosure or dissemination of the wiretap materials would unnecessarily invade the privacy interests of non-defendants.** One important purpose of the stringent secrecy and sealing requirements contained in the federal wiretap statute, 18 U.S.C. §§ 2510-2522, is to maximize the privacy of individuals mentioned in wiretap documents and/or intercepted pursuant to a wiretap order. Further disclosure or dissemination of the wiretap materials would unnecessarily invade the privacy interests of those individuals and therefore defeat one of the statute's most important purposes.

WHEREFORE, the government respectfully requests that the Court issue the attached proposed protective order for the reasons stated herein.

>                     Respectfully submitted,
>
>                     MICHAEL J. SULLIVAN
>                     United States Attorney
>
>               By:   /s/ William Weinreb
>                     WILLIAM D. WEINREB
>                     Assistant U.S. Attorney

Dated: November 23, 2004

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
UNITED STATES OF AMERICA      )
                              )
         v.                   )    Crim. No. 04-10275-NG
                              )
MATTHEW RAMOS                 )
_____)
```

## PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116, it is hereby ORDERED as follows:

1. For purposes of this Order, the term "wiretap materials" means all applications, supporting documents (including affidavits), and orders made or issued in connection with court-authorized electronic surveillance; all recordings, written summaries, preliminary transcripts, and final transcripts made pursuant to those orders; and the "contents" of the above-enumerated items as that term is defined in 18 U.S.C. § 2510(8). The term "contents" includes, but is not limited to, any transcripts, summaries, extracts, or verbatim accounts contained in any transcripts, memoranda, or affidavits prepared by any party or other person in connection with this case.

2. Except as provided below, defendants and their respective counsel of record shall make no disclosure of wiretap materials to any other person.

3. Consistent with the terms of this Order, wiretap materials may be disclosed by counsel of record in this case so

long as such disclosures are made for the sole purpose of preparing a defense to charges pending in the case.  Such disclosures may be made by counsel of record for a defendant in that case to: (1) the defendant represented by that counsel of record; (2) other counsel of record in the pending case; (3) a counsel of record's partners, associates, paralegals, and stenographic employees involved in the defense of this case; (4) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; (5) persons identified in a communication to be disclosed as being present during such communication or being a participant therein; and (6) to other persons, but only pursuant to order of the Court based upon a showing of particularized need; provided that nothing in this Order shall prevent defense counsel from disclosing a recording or its contents to a potential witness for the defense where defense counsel has made a good-faith determination that such disclosure is necessary to the proper preparation of the defense.

    4.   Counsel of record for the defense shall not make any disclosure as provided in paragraph 3 above without first obtaining from the person to whom the disclosure will be made written acknowledgment that he or she is bound by the terms of this Order.  Each such person shall indicate his or her acknowledgment by signing a copy of this Order after having read the Order and having the contents herein fully explained by counsel of record making the disclosure.  Counsel shall maintain a list of names of all such

persons and a copy of their acknowledgments and shall file original acknowledgments with the Court in camera.

5. Upon the termination of these proceedings, all wiretap materials shall be returned forthwith to the United States or to the Court absent further Court order to the contrary.

6. A copy of this Protective Order shall be signed by each defense counsel and shall be filed by the attorney for the government and made part of the record of this case once all counsel of record have affixed their signatures below.

_____
JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE

Dated: _____

**PROTECTIVE ORDER**

**United States v. Matthew Ramos,
Criminal No. 04-10275-NG**

| | |
|---|---|
| /s/ William Weinreb | |
| William D. Weinreb | Date |
| Assistant U.S. Attorney | |
| | |
| Matin Richey, Esq. | Date |
| Counsel for: Matthew Ramos | |
| | |
| _____ | Date |
| | |
| _____ | Date |
| | |
| _____ | Date |
| | |
| _____ | Date |
| | |
| _____ | Date |
| | |
| _____ | Date |

Case 1:04-cr-10275-NG   Document 19   Filed 11/23/2004   Page 8 of 8