UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
     v.                       )    Crim. No. 04-10275-NG
                              )
MATTHEW RAMOS                 )


**MOTION FOR CONTINUED RELEASE PENDING SENTENCING AFTER CHANGE OF PLEA OR IN THE ALTERNATIVE TO DEFER ACCEPTANCE OF PLEA OR ORDER PRE-PLEA PSR**

Defendant respectfully moves that, after his anticipated change of plea, this Court permit him to remain on release pending sentencing subject to the existing conditions of release. In support of this motion, defendant states, as set forth more specifically below:

- This Court has statutory authority and discretion to order defendant released pending sentencing pursuant to 18 U.S.C. §§ 3143(a) and 3145(c).

- There is clear and convincing evidence that defendant "is not likely to flee or pose a danger to the safety of any other person or the community" while on release. 18 U.S.C. § 3143(a)(1).

- "There are exceptional reasons why [defendant's] detention would not be appropriate." 18 U.S.C. § 3145(c).

Alternatively, defendant requests that this Court defer acceptance of the plea or order a pre-plea PSR.

                        ARGUMENT

Defendant expects to plead guilty to an indictment charging him with certain crimes related to the distribution of oxycodone tablets in 2003-2004.

Under 18 U.S.C. § 3143(a)(2), a person found guilty of,

inter alia, an offense carrying a maximum sentence of ten or more years of imprisonment pursuant to various specified drug laws, shall be detained unless certain conditions, not applicable here, are met. However, section 3143(a)(2) is limited and modified by section 3145(c), which states:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c).

This provision has been treated as creating an exception to the so-called "mandatory" detention provision of section 3143. See, e.g., United States v. DiSoma, 951 F.2d 494, 496 (2d Cir. 1991) (affirming district court's order releasing defendant, convicted of conspiring to commit Hobbs Act robbery, pending appeal). While the First Circuit has not expressly construed the scope of section 3145(c), in United States v. Mitchell, 23 F.3d 1 (1st Cir. 1994), the Court assumed without deciding that the district court had the power to consider continued release pending sentencing and observed without comment that the district court had delayed the defendant's surrender for "family considerations" pursuant to section 3145(c). Id. at 2; see also United Stats v. Weiner, 972 F.2d 337, 1992 WL 180697 (1st Cir. 1992) ("district courts have wide discretion in deciding whether to invoke [section 3145(c)]")(unpublished table decision).

Here, while defendant would be "subject to detention

pursuant to section 3143(a)(2)," he also "meets the conditions of release set forth in section 3143(a)(1)."  That is, there is clear and convincing evidence that defendant "is not likely to flee or pose a danger to the community if released."  18 U.S.C. § 3143(a)(1).  That evidence includes: defendant's strong ties to the community, employment, university studies, compliance with pretrial release conditions, rehabilitation from his own drug abuse problems, and lack of involvement in drug trafficking activity during the intervening years.

Defendant therefore may be released "if it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate."  18 U.S.C. § 3145(c).

Other District Courts have found exceptional reasons under § 3145(c) for pre-sentence release in a wide variety of circumstances.  See, e.g., United States v. Bleka, 2005 U.S. Dist. Lexis 32153 (N.D. Ill. 2005) (defendant sole owner of trucking company which provided entire income for family, who needed the time to arrange for sale of company prior to incarceration); United States v. Charger, 918 F. Supp. 301 (D.S.D. 1996) (positive family influence on alcoholic defendant and likely granting of downward departure at sentencing); United States v. Perez, 1998 U.S. Dist. Lexis 10113 (D. Conn. June 10, 1998) (learning disability, mental condition, potential custody issues of children and employment record); United States v. Ameneiro, 1996 U.S. Dist. Lexis 1448 (N.D. Ill. 1996) (employment

up until time of incarceration, failure to flee while on bond, ties to community and length of expected sentence); United States v. Boston, 824 F. Supp. 98 (N.D. Tex. 1993) (defendant pleaded guilty and cooperated and might be subject to retaliation if incarceration before sentencing); United States v. Bloomer, 791 F. Supp. 100, 102 (D. Vt. 1992) (relationship to family, and to unrelated family, medical condition, and employment); United States v. Stein, 1992 U.S. Dist. Lexis 10781 (D. Or. July 15, 1992) (employment and a place to stay while on release, full cooperation with Pretrial Services before trial, strong family ties and no risk of danger to community).

Here, the exceptional circumstances that warrant release pending sentencing include the following:

First, defendant has shown extraordinary post-offense rehabilitation in the intervening years since the events that gave rise to his expected plea.

Second, defendant is currently employed and enrolled in a university degree program.

Third, in connection with the foregoing, defendant expects to argue for a non-incarceration sentence. If, nevertheless, the Court were to impose some period of incarceration, defendant is more likely to be classified to a minimum or low-security facility if he is permitted to self-report after sentencing.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests

that this Court continue his release conditions pending sentencing or, in the alternative, defer acceptance of the plea or order a pre-plea PSR.

                              Respectfully submitted,

                              MATTHEW RAMOS
                              By his attorney,

                              <u>/s/ William Fick</u>
                              William W. Fick
                              BBO# 650562
                              FEDERAL DEFENDER OFFICE
                              408 Atlantic Avenue, 3d Fl.
                              Boston, MA 02110
                              617-223-8061
                              William_Fick@fd.org

<u>CERTIFICATE OF SERVICE</u>

    I, William W. Fick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 4, 2007.