IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW RAMOS | No. 04 - CR - 10275 - NG |

**MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE TO PERMIT SATISFACTION OF DRUG TESTING CONDITION BY MEANS OTHER THAN URINALYSIS (e.g., BLOOD TEST, SWEAT PATCH)**

Defendant Matthew Ramos respectfully moves that the Court order that he be allowed to satisfy the drug testing condition of his supervised release by means other than urinalysis, such as an actual blood test or use of the "sweat patch." Undersigned counsel has conferred with AUSA Leah Foley, who states that the government takes no position on this motion. As grounds therefor, defendant states:

1. While on pre-trial release, it became clear that Mr. Ramos consistently had substantial difficulty in providing a urine sample "on demand." In order to accommodate this difficulty, Pretrial Services ceased urinalysis and instead used the "sweat patch." At random times, Mr. Ramos would be called in to have a sweat patch affixed, would wear it for a week, and then would return to have it removed and analyzed. Once Mr. Ramos demonstrated a lengthy track record of "clean" tests, the frequency of testing was diminished substantially.

2. Upon commencing supervised release with U.S. Probation, Mr. Ramos was placed on the "color code" as a new supervisee.

3. On March 5, 2008, Mr. Ramos' color was called. He reported to the Boston office, attempted over the course of two hours to provide a sample, and was unsuccessful.

4.  On March 6, 2008, Mr. Ramos reported to the Lawrence office, attempted over the course of three hours to provide a sample, and eventually was able to do so. The result was "clean."

5.  As a result of the foregoing, Mr. Ramos missed 8 hours of work over two days without being able to provide advance notice to his employer. His employer has warned him that if he were to continue to take time off without notice, that his employment would be terminated. The employer requested 1-2 days notice before any future time off is taken.

6.  Mr. Ramos understands the requirement of drug testing and the necessity that it be "random." At the same time, Mr. Ramos is very concerned about his difficulties in providing urine samples and the status of his employment. He would be willing to submit to any method other than urinalysis that could be more readily coordinated with his work schedule, such as providing an actual blood sample or wearing the "sweat patch" as he did with Pretrial Services.

7.  Undersigned counsel understands that in the absence of a court order U.S. Probation will not make such an accommodation.

WHEREFORE, defendant's motion should be granted.

Respectfully submitted,

MATTHEW RAMOS
By his attorney,

 /s/ William W. Fick
William W. Fick, Esq.
BBO# 650562
FEDERAL DEFENDER OFFICE
408 Atlantic Ave., 3d Floor
Boston, MA 02110
617-223-8061
WILLIAM_FICK@FD.ORG

Dated: March 17, 2008

## Certificate of Service

  I, William W. Fick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 17, 2008. I further certify that I have served a copy by e-mail PDF upon USPO Lisa Dube.

               /s/ William Fick